IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

TIMOTHY LAMBERT,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

No. 1:19-cv-01252-JDB-jay
Re:  1:13-cr-10014-JDB-1

ORDER GRANTING MOTION TO AMEND,
DISMISSING AMENDED PETITION,
GRANTING LEAVE TO CORRECT PLEADING DEFICIENCIES IN CLAIM 3,
AND
DIRECTING THE CLERK TO SEND FORM

INTRODUCTION

Petitioner, Timothy Lambert,[1] has filed a pro se motion to vacate, set aside, or correct his sentence (the "Petition"), pursuant to 28 U.S.C. § 2255.  (Docket Entry ("D.E.") 1.)  He has also submitted a motion to amend the Petition, seeking to assert three claims.[2] (D.E. 4).  Because the Respondent, United States of America, has not yet filed an answer to the Petition, the motion to amend is GRANTED.  See Fed. R. Civ. P. 15(a)(1).  The claims set forth in the motion shall be deemed to constitute the "Amended Petition."  The Amended Petition is before the Court for preliminary review.  See Rules Governing Section 2255 Proceedings for the United States District Courts ("Habeas Rules"), Rule 4(b).  For the following reasons, the Amended Petition is

---

[1]The Court will refer to Lambert as "the Defendant" in its discussion of the underlying criminal case.

[2]Lambert originally filed his motion in his criminal case on April 9, 2020, seeking relief under 18 U.S.C. § 3742.  (*United States v. Lambert*, No. 1:13-cr-10014-JDB-1 (W.D. Tenn.) ("No. 1:13-cr-10014-JDB-1"), D.E. 98.)  Because the motion challenges the inmate's sentence and his defense attorney's performance, the Court directed the Clerk to refile the document in the present case as a motion to amend the Petition.  (*Id.*, D.E. 99.)

DISMISSED in its entirety, but Petitioner is GRANTED leave to file a second amended petition to cure pleading deficiencies relating to one of his claims.

## BACKGROUND

On February 19, 2013, a federal grand jury sitting in the Western District of Tennessee returned a one-count indictment charging Lambert with possessing and receiving a firearm in violation of 18 U.S.C. §§ 922(g) and 924(a) and (e). (No. 1:13-cr-10014-JDB-1, D.E. 2.) Defendant's court-appointed attorney filed a motion to suppress the firearm (*id.*, D.E. 23), which the Court denied (*id.*, D.E. 27). On November 20, 2013, Defendant entered a plea of guilty to the sole count of the indictment without a written plea agreement. (*Id.*, D.E. 32.) A notice of conditional plea was filed on November 29, 2013, reserving Defendant's right to challenge the Court's denial of the motion to suppress. (*Id.*, D.E. 34.)

The United States Probation Office advised in the presentence report (the "PSR") that the Defendant qualified for an enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). (PSR ¶¶ 19, 25-27.) His status as an armed career criminal was based on five prior Tennessee drug offenses: possession of cocaine with intent to sell (over .5 grams) in Case Number 4181, possession of cocaine with intent to sell (over .5 grams) in Case Number 05-12, and three convictions for sale of cocaine (over .5 grams) in Case Number 05-200. (*Id.* ¶¶ 25-27.)

At the sentencing hearing on March 31, 2014, the Court found that Defendant was an armed career criminal under the ACCA (No. 1:13-cr-10014-JDB-1, D.E. 44 at PageID 93) and imposed a sentence of 151 months' imprisonment, to be followed by three years of supervised release (*id.*, D.E. 44 at PageID 98). Judgment was entered on April 3, 2014. (*Id.*, D.E. 42.) The Government filed, but later voluntarily dismissed, an appeal.[3] (*Id.*, D.E. 52.) The Defendant's pro se appeal

---

[3] The sentence was below the minimum fifteen-year sentence provided for in the ACCA and thirty-one months above the statutory maximum without the ACCA enhancement. *See* 18 U.S.C. § 922(g) (ten-year maximum).

filed November 26, 2014 (*id.*, D.E. 57), was dismissed by the Sixth Circuit as untimely (*id.*, D.E. 67).

In April 2015, the inmate filed his first-in-time § 2255 petition. (*Lambert v. United States*, No. 1:15-cv-01081-JDB-egb (W.D. Tenn.) ("No. 1:15-cv-01081-JDB-egb"), D.E. 1.) He asserted, among other things, that counsel rendered ineffective assistance by failing to appeal the Court's order denying his motion to suppress. On April 11, 2018, the Court found that the ineffective assistance claim was meritorious and dismissed the remaining claims without prejudice. (*Id.*, D.E. 29.) On July 11, 2018, the Court reimposed the 151-month sentence in Petitioner's criminal case and entered an amended judgment of conviction. (No. 1:13-cr-10014-JDB-1, D.E. 79.) Petitioner, through appointed counsel, took a delayed direct appeal challenging the Court's decision to deny the motion to suppress. (*Id.*, D.E. 80.) On May 7, 2019, the Sixth Circuit affirmed. (*Id.*, D.E. 85.)

## DISCUSSION

Lambert filed the Petition on June 19, 2019.[4] He contended in Claim 1 that he "is actually/factually innocent of the ACCA" and that his reimposed sentence is "incorrect or excessive" because he "only had two prior convictions that could be used" to qualify him as an armed career criminal. (D.E. 1 at PageID 1-2.) Petitioner argued that his three convictions in Case Number 05-200 should have been counted as one predicate offense because the judgments of conviction were entered in the same case on the same day. He also maintained in Claim 2 that counsel rendered ineffective assistance by failing to make that argument at the time of sentencing. In the Amended Petition, the inmate reasserts Claims 1 and 2, and also contends that he was

---

[4]Although the Petition was Lambert's second-in-time § 2255 petition, it was not a second or successive petition requiring authorization from the Sixth Circuit pursuant to 28 U.S.C. § 2244(b). *See Storey v. Vasbinder*, 657 F.3d 372, 378 (6th Cir. 2011) ("[A] petition filed after a remedial appeal, ordered in response to an earlier petition, is not second or successive within the meaning of [28 U.S.C.] § 2244(b)—even if it includes claims that could have been included, but were not, in the first petition.")

3

"induc[ed] . . . into accepting the plea agreement" by "an illegal stipulation [to] misleading or non-existe[e]nt facts," and seems to assert that counsel was ineffective regarding the stipulation. (D.E. 4 at PageID 13.)

The Court has reviewed the claims and the record in the inmate's underlying criminal case. From that review, it "plainly appears" that Petitioner "is not entitled to relief" because Claims 1 and 2 are without merit as a matter of law and Claim 3 is not well-pleaded. Habeas Rule 4(b).

A. Claims 1 and 2

Petitioner's assertions that he does not qualify as an armed career criminal and that his attorney was ineffective at sentencing are unsupportable as a matter of law. They are also belied by the record in his criminal case.

A prisoner seeking relief under § 2255 "must allege either: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted). A claim that an attorney's ineffective assistance has deprived a criminal defendant of his Sixth Amendment right to counsel alleges an error of constitutional magnitude. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). Under *Strickland v. Washington*, 466 U.S. 668 (1984), a petitioner asserting that his counsel was ineffective must demonstrate two elements: (1) "that counsel's performance was deficient" and (2) "that the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687.

An individual convicted of possessing and receiving a firearm in violation of 18 U.S.C. § 922(g) is subject to a ten-year maximum term of incarceration. 18 U.S.C. § 924(a)(2). Under the ACCA, a person who is convicted of being a felon in possession of a firearm and who "has three previous convictions . . . for a violent felony or a serious drug offense . . . committed on occasions different from one another . . . shall be . . . imprisoned not less than fifteen years." 18 U.S.C. §

924(e)(1).  In determining whether a defendant is subject to an enhanced sentence under the ACCA, a court must make "two separate inquiries:  (1) whether prior convictions qualify as ACCA-predicates, and (2) whether such offenses were committed on different occasions."  *United States v. Hennessee*, 932 F.3d 437, 441 (6th Cir. 2019), *cert. denied*, 140 S. Ct. 896 (2020).

"[T]he relevant factor" in the different-occasions analysis "is not the date of conviction for th[e] predicate offenses, but the date that the defendant committed the offense for which he is subsequently convicted."  *United States v. Roach*, 958 F.2d 679, 683 (6th Cir. 1992).  In *Roach*, the Sixth Circuit "held that three convictions on the same date did not constitute a single criminal episode even where the three drug-trafficking sales giving rise to the convictions were not separated by any other intervening convictions and occurred within only a matter of days."  *United States v. Martin*, 526 F.3d 926, 939 (6th Cir. 2008) (citing *Roach*, 958 F.2d at 683).  More recently, the Sixth Circuit reaffirmed that

> two offenses are committed on different occasions if (1) it is possible to discern the point at which the first offense is completed, and the subsequent point at which the second offense begins; (2) it would have been possible for the offender to cease his criminal conduct after the first offense, and withdraw without committing the second offense; or (3) the offenses are committed in different residences or business locations.

*Hennesssee*, 932 F.3d at 444 (internal quotation marks and emphasis omitted).

Here, Claims 1 and 2 both rest on Petitioner's contention that the Court should have counted the three convictions in Case Number 05-200 as a single offense simply because they were adjudged together by the same court on the same date.  The argument is contrary to *Roach*.  Moreover, Lambert admits that the offenses were perpetrated on different days and in different months:  "May 12, 2004, June 1, 2004 and June 26, 2004."  (D.E. 1 at PageID 2.)  It is, thus, possible to discern when each offense was completed and when the subsequent offense began.  In addition, it would have been possible for Lambert to cease his criminal conduct following each crime.  The offenses were, therefore, committed on different occasions and count as separate

5

ACCA predicates. Accordingly, Lambert cannot show that his ACCA sentence is invalid or that he was prejudiced by his attorney's conduct.

Petitioner's assertions that he did not qualify for an enhanced sentence and that his attorney should have made that argument are also undermined by his criminal history and the sentencing transcript. As previously indicated, the inmate was convicted of possession of cocaine with intent to sell in Case Number 4181 (PSR ¶ 25) and convicted of the same crime in Case Number 05-12 (*id.* ¶ 26). Therefore, even if the Court were to hold that the three convictions in Case Number 05-200 constitute a single serious drug offense, Petitioner would still qualify as an armed career criminal because he would have a total of three predicate convictions. What is more, counsel did, in fact, argue that the convictions in Case Number 05-200 should be regarded as a single drug offense for purposes of the ACCA. The undersigned, however, rejected the argument. Claims 1 and 2 are DISMISSED.

 B. Claim 3

As previously discussed, Petitioner submits in Claim 3 that he was "induc[ed] . . . into accepting the plea agreement" by "an illegal stipulation [to] misleading or non-exist[e]nt facts," and that counsel was ineffective for entering into the stipulation. (D.E. 4 at PageID 13.) The allegations make little sense, as the record shows the Defendant entered a guilty plea *without* an agreement with the Government. If Lambert means that the Government's consent to the reservation of his right to appeal the denial of his suppression motion somehow constituted a plea agreement which he was coerced to enter, he does not provide supporting facts for the alleged coercion and does not identify the "misleading or non-exist[e]nt facts" that were the subject of a purported stipulation. He also has not presented specific factual allegations suggesting that he was prejudiced by counsel's conduct in securing the Government's consent to the conditional aspect of the plea.

Accordingly, as the claim is not well-pleaded, it is DISMISSED. *See Short v. United States*, 504 F.2d 63, 65 (6th Cir. 1974) (per curiam) (where "claims are stated in the form of conclusions without any allegations of fact in support thereof," a § 2255 petition is "legally insufficient to sustain a review"). The Court will, however, afford Petitioner a reasonable opportunity to file a second amended petition to correct the deficiencies in Claim 3. If he chooses to do so, he must file the second amended petition on the Court's § 2255 form within twenty-eight days of the entry of this order. Failure to file a second amended petition within the time prescribed will result in dismissal of the case.

The Clerk is DIRECTED to send Petitioner a § 2255 amended petition form.

IT IS SO ORDERED this 18th day of May 2020.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE
